IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02508-RBJ

MOOSE AGRICULTURAL, LLC and
COLORADO HEMP SOLUTIONS, LLC,

    Plaintiffs,

v.

LAYN USA, INC. and
HEMPRISE, LLC,

    Defendants.

---

ORDER DENYING DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on defendants' motion for partial summary judgment, ECF No. 49, solely as to defendant Layn USA, Inc. ("Layn"). For the reasons discussed below, the motion is DENIED.

## I.  BACKGROUND

This case arises from an agreement for plaintiffs Moose Agricultural, LLC ("Moose") and Colorado Hemp Solutions, LLC ("CHS") to supply hemp biomass products to defendant Layn. This agreement was called the "High CBD Hemp Biomass Product Supply Agreement" ("original contract") and was entered on May 22, 2019. ECD No. 7 at 2.

On November 15, 2019 Layn entered an agreement with defendant Hemprise, LLC ("Hemprise") called "Assignment of High Cannabidiol Dried Hemp Biomass Product Supply Agreement" ("assignment agreement"). ECF No. 49-3 at 2. In this agreement, Layn assigned or

transferred its rights, title, and interests under the original contract to Hemprise. *Id.* Hemprise agreed to assume all of Layn's obligations under the original contract. *Id.*

Beginning shortly before the assignment and continuing for months, the parties encountered problems with the performance of the contract. *See* ECF No. 49, 52. Plaintiffs contend that defendants breached the original contract by attempting to get out of the contract using impermissible means. ECF No. 7. Defendants have counterclaimed for breach of contract, arguing that plaintiffs failed to provide hemp biomass of the quality specified in the original contract. ECF No. 32. Defendant Layn requested summary judgment on its breach of contract claim. ECF No. 49.

## II. STANDARD OF REVIEW

Summary judgment is warranted where there is "no genuine dispute of material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A fact is material if it is essential to the proper disposition of the claim. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The movant has the burden of showing a lack of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In applying this standard, this Court must view the record and draw all reasonable inferences from the record in the light most favorable to the nonmoving party. *Adler*, 144 F.3d at 670.

### III. ANALYSIS

**A. <u>Choice of Law</u>**

"In a diversity action, federal courts must apply the choice-of-law rules of the state in which the suit was brought." *Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1389 (D. Colo. 2013) (citing *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941)). This Court sits in Colorado and must apply Colorado's choice-of-law rules. Under Colorado choice-of-law rules, the Court must apply law chosen by the parties, "unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern." *Brown v. Fryer*, No. 12-CV-01740-CMA-KMT, 2013 WL 1191405 at *2 (D. Colo. Mar. 22, 2013) (citing Restatement (Second) of Conflict of Laws § 187 ((AM. LAW INST., 1971)).

"A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as . . . by mistake." Restatement (Second) of Conflict of Laws § 187 cmt. b (AM. LAW INST. 1971). "A factor which the forum may consider is whether the choice-of-law provision is contained in an 'adhesion' contract . . . ." *Id.*

In this case, there are two choice-of-law provisions potentially in play: the provision in the original contract asserting that Delaware law would govern any disputes arising from it and the provision in the assignment contract asserting that Colorado law would govern disputes arising from it. Defendants assert that the Court need not decide which law applies, as Colorado and Delaware law are substantially similar, if not identical, on the issues raised by the instant motion. Plaintiffs contend that as the instant motion deals only with the assignment agreement and not the original contract, the assignment agreement should govern,

and Colorado law should apply.

I agree with plaintiffs. This motion does not deal with any terms in the original contract. Plaintiffs do not challenge the validity of the assignment agreement in the briefing on this motion. They do not contend that it was the result of a mistake. What plaintiffs contest is whether assignor Layn is off the hook for the alleged breach of contract because of the assignment agreement. The assignment agreement was not an adhesion contract because all parties had a real choice on whether to sign. There is a reasonable basis for their choice of Colorado law—several parties to the contract are based in Colorado. And Colorado law is not contrary to the fundamental policy of Delaware, the only other state whose laws might govern. As defendants have pointed out, the law on assignment and novation in Delaware and Colorado is substantially similar. Colorado law applies for the purposes of this motion.

### B. Liability of Layn as a Result of the Assignment Agreement

Layn argues that it is no longer liable for any alleged breach of contract because it assigned its rights and duties under the original contract to Hemprise. It argues that because plaintiffs consented to the assignment, Layn is no longer even secondarily liable for any breach of the original contract. Plaintiffs argue that Layn remains secondarily liable for the breach of contract even after the assignment agreement.

There is no genuine dispute of material fact on this issue. The parties do not dispute in the briefing for this motion that Layn and Hemprise entered a valid assignment agreement, and that Moose consented to the assignment. There is disagreement on whether the signature on the assignment agreement by Mr. Clarke, Moose's owner, constituted consent to the agreement only

for Moose or for CHS as well, but that is a question of law that I need not answer to dismiss this motion.

Layn supports its contention with *Club Telluride Owners Association, Inc. v. Mitchell*, which states "[a]n obligor may effectively delegate performance to another who is willing to perform the delegated duty, but the obligor remains liable as surety unless the obligee consents to the delegation." 70 P.3d 502, 504 (Colo. App. 2002). That case goes on to state, "[t]hus, for the obligor to be released from liability, the obligee must agree to the delegation." *Id.* For this proposition, *Telluride* cites *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272 (10th Cir.1994), which in turn cites sections 318 and 329 of the Restatement (Second) of Contracts. *Id.*

Section 318 of the Restatement states "[u]nless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor." Restatement (Second) of Contracts § 318 (1981). This statement is clarified by a comment which adds, "[a]n obligor is discharged by the substitution of a new obligor only if the contract so provides or if the obligee makes a binding manifestation of assent, forming a novation." *Id.* at cmt. (d). An illustration from that comment is also helpful in clarifying the liability of an assignor. Illustration Ten provides:

> A contracts with B to cut the grass on B's meadow. A delegates performance to C, who contracts with A to assume A's duty and perform the work. C begins performance with B's assent, but later breaks the contract. C is liable to B, but A is not discharged.

*Id.* at Illustration 10. This illustration is substantially similar to the situation at bar. Here, Layn has delegated performance under the original contract to Hemprise, and Hemprise consented to assume Layn's duties under that contract. Hemprise began performance, and at least Moose and possibly CHS consented to the assignment. According to plaintiffs, Hemprise has breached the

contract. Following the illustration, Hemprise is liable to plaintiffs, but Layn is not discharged from liability.

Based on these statements of law from the Restatement, Layn's reliance on *Telluride* is misplaced. The cited Restatement section stands for the idea that where there is an assignment, the original obligor remains secondarily liable unless the assignment agreement specifically states otherwise. Consent to enter an assignment does not automatically result in the removal of the assignor from any threat of liability for breach. If that were true, the most firmly established principle of the law of assignments would *not* be that "an assignor remains liable to an obligor for performing the assignor's duties under a contract." Assignor's obligations, Modern Law of Contracts § 21:27.

There is no clause in the assignment agreement that would remove Layn from liability. The clause at issue states:

> Layn represents and warrants that (a) the Supply Agreement is in full force and effect in accordance with its terms and that, as of the date of this Assignment, neither Layn nor Supplier is in default of any of its material obligations under the Supply Agreement. Layn hereby assigns, transfers, conveys and delivers to Hemprise all of Layn's right, title and interest in and to the Supply Agreement. Hemprise hereby accepts such assignment, transfer and conveyance and agrees to assume all of Layn's obligations under the Supply Agreement.

ECF No. 49-3.

This clause does not state that Layn will be released from future liability. Moose consented to the assignment but not to any removal of Layn from liability. Moose's consent to the assignment does not remove Layn from the prospect of liability for a breach of the original contract. Layn is not entitled to judgment as a matter of law on this issue.

### C. <u>Liability of Layn as a Result of Novation</u>

Layn next argues that even if it is not removed from liability by Moose's consent to the assignment agreement, it does not have liability because the assignment agreement "worked a novation." ECF No. 49 at 11. There is no genuine issue of material fact on this question. As above, the parties do not dispute in the papers for this motion that the assignment agreement was entered and is valid, but they disagree on the legal ramifications of that agreement. Layn is not entitled to judgment as a matter of law because the assignment agreement did not constitute a novation.

Under Colorado law, novation is "[t]he extinguishment of an old contract by the substitution of a new contract." *Moffat Cnty. State Bank v. Told*, 800 P.2d 1320, 1323 (Colo. 1990). "A contract of novation has four prerequisites: (1) a previous valid obligation, (2) an agreement between the parties to abide by the new contract, (3) a valid new contract, and (4) the extinguishment of the old obligation by the substitution of the new one." *Mayotte v. US Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 424 F. Supp. 3d 1077, 1093 (D. Colo. 2019) (citing *Moffat* 800 P.2d at 1323).

Here, the fourth element is clearly not fulfilled. The assignment agreement says "Layn hereby assigns, transfers, conveys and delivers to Hemprise all of Layn's right, title and interest in and to the Supply Agreement." ECF No. 49-3 at 2. If the original contract were to be extinguished by the assignment agreement, Layn would not have assigned and transferred its interest in the original contract to Hemprise—the old agreement would have been extinguished, not transferred. The assignment agreement did not "work a novation" because the prior contract was never extinguished. It was transferred. Summary judgment in Layn's favor is not warranted on this ground.

## ORDER

1. Defendants' partial motion for summary judgment as to Layn, ECF No. 49, is DENIED.

DATED this 10th day of December, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge